| United States Bankruptcy Court<br>Northern District of California | Voluntary Petition |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Metropolitan Coffee and Concession Company, LLC** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all)<br>**26-0787775** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all) |
| Street Address of Debtor (No. and Street, City, and State):<br>**1310 65th Street**<br>**Emeryville, CA**<br><div align="right">ZIP Code<br>**94608**</div> | Street Address of Joint Debtor (No. and Street, City, and State):<br><div align="right">ZIP Code</div> |
| County of Residence or of the Principal Place of Business:<br>**Alameda** | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br><div align="right">ZIP Code</div> | Mailing Address of Joint Debtor (if different from street address):<br><div align="right">ZIP Code</div> |
| Location of Principal Assets of Business Debtor<br>(if different from street address above): | **(Debtor maintains coffee kiosk locations in the Berkeley, Pittsburg, Montgomery, and Embarcadero BART stations).** |

**Type of Debtor**
(Form of Organization) (Check one box)

- ☐ Individual (includes Joint Debtors)
  *See Exhibit D on page 2 of this form.*
- ■ Corporation (includes LLC and LLP)
- ☐ Partnership
- ☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.)

**Nature of Business**
(Check one box)

- ☐ Health Care Business
- ☐ Single Asset Real Estate as defined in 11 U.S.C. § 101 (51B)
- ☐ Railroad
- ☐ Stockbroker
- ☐ Commodity Broker
- ☐ Clearing Bank
- ■ Other

**Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check one box)

- ☐ Chapter 7
- ☐ Chapter 9
- ■ Chapter 11
- ☐ Chapter 12
- ☐ Chapter 13
- ☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- ☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Chapter 15 Debtors**

Country of debtor's center of main interests:

Each country in which a foreign proceeding by, regarding, or against debtor is pending:

**Tax-Exempt Entity**
(Check box, if applicable)

- ☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code).

**Nature of Debts**
(Check one box)

- ☐ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."
- ■ Debts are primarily business debts.

**Filing Fee** (Check one box)

- ■ Full Filing Fee attached
- ☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.
- ☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Chapter 11 Debtors**

Check one box:
- ☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
- ■ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

Check if:
- ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,490,925 *(amount subject to adjustment on 4/01/16 and every three years thereafter).*

Check all applicable boxes:
- ☐ A plan is being filed with this petition.
- ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

**Statistical/Administrative Information**

- ■ Debtor estimates that funds will be available for distribution to unsecured creditors.
- ☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

**Estimated Number of Creditors**

| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | OVER 100,000 |

**Estimated Assets**

| ☐ | ☐ | ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

**Estimated Liabilities**

| ☐ | ☐ | ☐ | ☐ | ■ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

| Voluntary Petition<br><br>*(This page must be completed and filed in every case)* | Name of Debtor(s):<br>**Metropolitan Coffee and Concession Company, LLC** |
|---|---|

| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet) | | |
|---|---|---|
| Location<br>Where Filed:    **- None -** | Case Number: | Date Filed: |
| Location<br>Where Filed: | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet) | | |
|---|---|---|
| Name of Debtor:<br>**- None -** | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

| **Exhibit A**<br><br>(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)<br><br>☐ Exhibit A is attached and made a part of this petition. | **Exhibit B**<br>(To be completed if debtor is an individual whose debts are primarily consumer debts.)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I delivered to the debtor the notice required by 11 U.S.C. §342(b).<br><br>X _____<br>     Signature of Attorney for Debtor(s)       (Date) |
|---|---|

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

   ☐ Yes, and Exhibit C is attached and made a part of this petition.

   ■ No.

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

   ☐ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

   ☐ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**

(Check any applicable box)

   ■   Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

   ☐   There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

   ☐   Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**

(Check all applicable boxes)

   ☐   Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

       _____

       (Name of landlord that obtained judgment)

       _____

       (Address of landlord)

   ☐   Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

   ☐   Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

   ☐   Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

| **Voluntary Petition** | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case)* | **Metropolitan Coffee and Concession Company, LLC** |

<div align="center"><b>Signatures</b></div>

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.

[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7. [If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. §342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

**X** _____
Signature of Debtor

**X** _____
Signature of Joint Debtor

_____
Telephone Number (If not represented by attorney)

_____
Date

### Signature of Attorney*

**X** **/s/ Gregory A. Rougeau**
Signature of Attorney for Debtor(s)

**Gregory A. Rougeau 194437**
Printed Name of Attorney for Debtor(s)

**Diamond McCarthy LLP**
Firm Name

**150 California Street, Suite 2200**
**San Francisco, CA 94111**

_____
Address

**Email: grougeau@diamondmccarthy.com**
**415.692.5200**
Telephone Number

**October 20, 2014**
Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

**X** **/s/ Harry R. Kraatz**
Signature of Authorized Individual

**Harry R. Kraatz**
Printed Name of Authorized Individual

**Authorized Agent**
Title of Authorized Individual

**October 20, 2014**
Date

### Signature of a Foreign Representative

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11. United States Code. Certified copies of the documents required by 11 U.S.C. §1515 are attached.

☐ Pursuant to 11 U.S.C. §1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

**X** _____
Signature of Foreign Representative

_____
Printed Name of Foreign Representative

_____
Date

### Signature of Non-Attorney Bankruptcy Petition Preparer

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social-Security number (If the bankrutcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.)(Required by 11 U.S.C. § 110.)

_____
Address

**X** _____

_____
Date

Signature of bankruptcy petition preparer or officer, principal, responsible person,or partner whose Social Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. §110; 18 U.S.C. §156.*

In re Metropolitan Coffee and Concession Company, LLC

Attachment to Voluntary Petition Regarding Corporate Authority


Corporate authority has been obtained for commencement of Metropolitan Coffee and Concession Company's (the "Debtor") Chapter 11 case.

The Debtor's First Amended and Restated Operating Agreement (the "Operating Agreement"), dated September 11, 2007, provides for two classes of membership interests: Common and Preferred (Section 1.16). The Common members have been the only voting members since the Debtor's inception. Preferred members receive a preferential return as provided for in the operating agreement, as amended.

On October 3, 2014, a telephonic meeting of the Members of Aegis Holding Company, LLC ("Aegis") was conducted. Aegis retains 88.26% of the Common Interests in the Debtor, and 44.75% of all interests (Common and Preferred, together) in the Debtor. The minutes from that telephonic meeting are attached hereto as Exhibit "A" to this Attachment.

As set forth in the minutes of the meeting, the Members of Aegis resolved, among other things, to vote its common membership interest in the Debtor for the commencement of the Debtor's Chapter 11 case.

Section 7.10 of the Debtor's Operating Agreement provides that the Debtor's LLC Members may take any action which otherwise would require a meeting, if "Members having not less than the minimum number of Votes that would be necessary to authorize or take that action at a meeting at which all Members entitled to Vote thereon were present and voted." Among those actions which requires majority membership approval is the "filing of a petition in bankruptcy or the entering into of an arrangement among creditors."

Notwithstanding that Metropolitan may have simply voted its 88.26% common interest in favor of commencement of the Chapter 11 case, and to avoid any ambiguity as to the corporate authority to commence this case, Harry R. Kraatz, the prospective Responsible Person herein and an authorized agent of the Debtor, sent all LLC members (Common and Preferred, together) the correspondence attached hereto as Exhibit "B." In it, Mr. Kraatz has requested support from 50% of all LLC members, with Aegis' 44.75% affirmative vote (i.e., an additional affirmative vote of 5.25%).

The Debtor obtained the requisite votes, and therefore the requisite corporate authority from Members, to commence this Chapter 11 case. Attached hereto as Exhibit "C" are affirmative votes from Members, in an aggregate amount in excess of 50% of all membership interests in the Debtor. According to the records of the Debtor, the attached affirmative ballots represent at 51.23% of all membership interests.

**EXHIBIT A**

# AEGIS HOLDING COMPANY, LLC

Minutes

Meeting of Members

**Date:** Friday, October 3, 2014
**Time:** 2:00 p.m.
**Location:** Telephonic meeting, dial-in (877) 659-5570, Access Code 0176797

**Present:**     LLC Members:
        Susan Horsfall (Representative of the Market Street Irrevocable Trust)
        Joel Sjostrom (Representative of the Joel and Sherlyn Sjostrom Revocable Trust)
        Jacob Cooper (Representative of Altus Capital Management LLC)

        Counsel and Observers:
        Zach Georgopoulos (Counsel)
        Gregory Rougeau (Counsel)
        Karen Diep (Observer/Law Clerk)
        Harry Kraatz (Observer; CEO of Aegis Holding Company)
        Jason Vinet (Observer; VP of subsidiary Metropolitan Coffee & Concession Company, LLC)
        Paul Manasian (Observer; Counsel to Altus Capital Management, LLC)

**Absent:**     None.

I   **Call to order**: at 2:04 PM by Gregory Rougeau

II  **Quorum:** All LLC members, through their representatives, were present and participated in the telephonic meeting.

III **Notice:** Notice of Meeting of LLC Members, dated September 29, 2014, mailed to members of Aegis Holding Company LLC, pursuant to Section 10.2 of the First Amendment and Restated Operating Agreement of Aegis Holding Company, LLC ("Operating Agreement").  The noticed meeting was conducted to accommodate the schedule of Susan Horsfall, who has represented that she is the representative of the Market Street Irrevocable Trust.

IV  **New Business:**

Prefatory Statement:  The new business addressed below was preceded by numerous emails exchanged between counsel and Terrence P. Goggin, who asserted that he was Trustee of the LLC Member the Market Street Irrevocable Trust, prior to September

26, 2014. Initially, and based on those email exchanges, a telephonic meeting of the LLC Members was scheduled for September 26, 2014, at 2:00 p.m. PST, to accommodate Mr. Goggin. An hour before such meeting, Mr. Rougeau, counsel to Aegis Holding Company and Metropolitan Coffee and Concession Company, LLC, received an email from Mr. Goggin to the effect that Ms. Horsfall was now the Trustee of the Market Street Irrevocable Trust.

At the attempted telephonic meeting of the LLC Members on September 26, 2014, Ms. Horsfall appeared as the representative of the Market Street Irrevocable Trust. When asked by Mr. Rougeau to substantiate that she was in fact appointed, she affirmed that she had been appointed as Trustee and representative of such trust, that a legal instrument had been prepared by counsel relating to that appointment, and that she would provide suitable evidence of such appointment. She did not provide the instrument or even the name of the counsel at the telephonic meeting on September 26, 2014.

In light of the unexpected, purported appointment of Ms. Horsfall as Trustee and representative of the Market Street Irrevocable Trust, and in the absence of evidence supporting such assignment, the telephonic meeting arranged to accommodate Mr. Goggin's schedule was adjourned, so that Ms. Horsfall could provide evidence of her appointment, and so that written notice for a further meeting could be sent to Ms. Horsfall and the other LLC Members, for a meeting on Tuesday, October 30, 2014, at 2:00 p.m. PST. Before notice of that continued meeting could be distributed, however, Ms. Horsfall communicated that she would be unavailable until Friday, October 3, 2014, at 2:00 p.m.

In furtherance of requests that Ms. Horsfall substantiate her appointment as Trustee, on Friday, October 3, 2014 (the morning of the telephonic LLC Members' meeting continued at her request), Ms. Horsfall forwarded to Mr. Rougeau an email from Mr. Goggin, that stated as follows:

> Dear Susan:
>
> This is to confirm that you were appointed Trustee of the Market Street Trust on September 26, 2014 by myself as Settlor of the Trust.
>
> You have full powers to manage the assets of the Trust as you see fit. Under the terms of the Trust the Settlor cannot dictate or interfere with your management and your decisions are final.
>
> Inquiries regarding the terms of the Trust should be addressed to the Trust's attorney: Mr. James Felix Esq. His contact information is:
>
> Mr. James M Felix Esq.
> Kilkenny and Felix
> 350 7th Ave Suite 1800
> New York, NY , 10001
> 212-419-1492
>
> Terrence P Goggin

With Ms. Horsfall's continued representations that she had been appointed as the Trustee and representative of the Market Street Irrevocable Trust, the meeting was called to order, to address the following:

A. Appointment of Harry Kraatz as Manager of the LLC, pursuant to Section 5.3 of the Operating Agreement. This necessity of this appointment had previously been discussed by the LLC Members, in light of the financial condition of Aegis Holding Company and Metropolitan Coffee and Concession Company, in light of the companies' relationships with BART, in light of the relationship of the companies with their creditors, and in light of the significant financial distress and operational challenges faced by the company. Following a motion duly made, the votes were as follows:

    (1) **Voting**

        (a) Representative Joel Sjostrom in favor

        (b) Representative Jacob Cooper in favor

        (c) Representative Susan Horsfall in opposition

    (2) **Protest** – Susan Horsfall asserting indulgence in self-help; and requested a judicial opinion, and was advised by Mr. Rougeau that she was free to pursue her legal remedies.

    (3) **Resolution** – Appointment of Harry Kraatz as Manager for the LLC has **<u>PASSED</u>** with the approval of the members.

B. Commencement of Aegis Holding Company, LLC's filing for Chapter 11 Reorganization bankruptcy, pursuant to Section 5.7.7 of the Operating Agreement. The majority of the LLC Members had communicated that their belief that the best interests of creditors would be served through commencement of a Chapter 11 reorganization proceeding by both Aegis Holding Company and its subsidiary, Metropolitan Coffee and Concession Comp[any, LLC. Following a motion duly made, the votes were as follows:

    (1) **Voting**

        (a) Representative Joel Sjostrom in favor

        (b) Representative Jacob Cooper in favor

        (c) Member Susan Horsfall in opposition

    (2) **Protest** - Susan Horsfall asserting indulgence in self-help and requested a judicial opinion, and was advised by Mr. Rougeau that she was free to pursue her legal remedies.

    (3) **Resolution** – The commencement of Aegis Holding Company, LLC filing for Chapter 11 Reorganization bankruptcy has **<u>PASSED</u>** with the approval of the members.

C. Appointment of Harry Kraatz as the responsible person in Aegis Holding Company, LLC's Chapter 11 Reorganization bankruptcy case. Following a motion duly made, the votes were as follows:

    (1) **Voting**

        (a) Representative Joel Sjostrom in favor

        (b) Representative Jacob Cooper in favor

        (c) Member Susan Horsfall in opposition

    (2) **Protest** - Susan Horsfall asserting indulgence in self-help, and requested a judicial opinion and was advised by Mr. Rougeau that she was free to pursue her legal remedies.

    (3) **Resolution** – Appointment of Harry Kraatz as the responsible person in Aegis Holding Company, LLC's Chapter 11 Reorganization proceedings has **<u>PASSED</u>** with the approval of the members.

D. Retention of Diamond McCarthy LLP as Chapter 11 bankruptcy counsel for Aegis Holding Company, LLC. Following a motion duly made, the votes were as follows:

    (1) **Voting**

        (a) Representative Joel Sjostrom in favor

        (b) Representative Jacob Cooper in favor

        (c) Member Susan Horsfall in opposition

    (2) **Protest** - Susan Horsfall asserting improper procedure, and requested a judicial opinion, and was advised by Mr. Rougeau that she was free to pursue her legal remedies.

    (3) **Resolution** – Retention of Diamond McCarthy LLP as Chapter 11 bankruptcy counsel for Aegis Holding Company, LLC has **<u>PASSED</u>** with the approval of the members.

E. Vote of Aegis' LLC membership interest in Metropolitan Coffee and Concession Company, LLC ("Metropolitan"), to commence a Chapter 11 bankruptcy proceeding for Metropolitan at a future meeting of Metropolitan's members. Such resolution, though not required by Aegis Holding Company, LLC's Operating Agreement, was made in light of the Metropolitan's significant financial distress and need for debt relief, and in the best interest of its creditors. Following a motion duly made, the votes were as follows:

    (1) **Voting**

        (a) Representative Joel Sjostrom in favor

        (b) Representative Jacob Cooper in favor

(c) Member Susan Horsfall in opposition

(2) **Protest -** Susan Horsfall asserting improper procedure, and requested a judicial opinion, and was advised by Mr. Rougeau that she was free to pursue her legal remedies.

(3) **Resolution** – Voting by Aegis in favor of the commencement a Chapter 11 bankruptcy proceeding by Metropolitan has **PASSED** with the approval of the members.

V **Open Forum:**

A. Susan Horsfall – today's votes are inconclusive, and continued her protest.

B. Greg - minutes to be distributed; Joel, as Secretary, will sign.

VI **Adjournment:**

A. There being no further business, the meeting was adjourned by unanimous consent.

B. Meeting adjourned at 2:21 PM

Joel Sjostrom
Secretary

5

**EXHIBIT B**



Members of Metropolitan Coffee and Concession Company, LLC:

This purpose of this correspondence is to solicit your approval, as a Member of Metropolitan Coffee and Concession Company, LLC ("Metropolitan"), for the commencement of a Chapter 11 reorganization proceeding. The reasons for this solicitation are set forth in great detail below.

On June 16, 2014, I was retained by the Managers of Metropolitan as a restructuring consultant to advise and assist Metropolitan in its efforts to address its significant financial distress and operational challenges. More recently, in order to stabilize Metropolitan's finances and as a condition to receipt of financing necessary to sustain operations, I was elected by the Members of Aegis Holding Company, LLC- the sole Manager of Metropolitan, with a 44% membership interest in Metropolitan- as a Manager of that LLC. In such capacity, I have spoken with some of you regarding the serious challenges faced by Aegis and Metropolitan.

By way of background, I have been a crisis management specialist for over 20 years. In that capacity, I have provided consulting services and arranged financing for numerous finance, manufacturing and retailing companies including: Montgomery Medical Ventures, Commonwealth Associates, Westminster Capital, Liberty Travel, Shearson Financial Network, E3 Biofuels, Swensen's Ice Cream Company, Aca Joe Inc, Finet Holdings Company, Zapworld.com, Positron, Worldwide Wireless, Java Detour Inc., Fresh Choice Inc., MFM industries and others. I have held various positions including Vice Chairman of the Board Commercial Bank of San Francisco and Chief Executive Officer of Finet Holdings Corporation. Further, I have served as the Chief Restructuring Officer and Responsible Individual in several Chapter 11 proceedings, including appointment by the United States Bankruptcy Court for the Southern District of New York as Liquidating Trustee for Redsky Interactive, Inc.

My appointment by Aegis and Metropolitan was motivated by their present management- composed of Joel Sjostrom and Jacob Cooper (of Altus Capital Management, LLC) - to devise a strategic plan to enable the companies to continue operating and pay creditors, including many of you. Upon my appointment, though, we discovered what many of you may have discerned from your communications with the companies' principals following the termination of Terry Goggin earlier this year: while the four individual, existing Peet's coffee stores have a positive cash flow, the companies' expenses, debt, and relationships with BART and with their vendors are not sustainable. Metropolitan's financial statements support this conclusion.

Attached to this correspondence are the following: Metropolitan's audited financial statements for 2010 and 2011, unaudited financial statement for the year

---

1310 65th Street, Emeryville, CA 94608

www.MC2SF.com

OFFICE: 415. 391. 2499

FAX: 415. 391. 1575

ending December 31, 2013 and its unaudited financial statements for the months ending July 31, 2014. The financial statements demonstrate that the financial position of Metropolitan is dire, and the company has been insolvent for years.

As of December 2010, the company posted a net loss of $1,023,448. Its assets were valued at $1,982,639, and its liabilities were $4,486,347 (these liabilities are debts, and therefore do not include the equity raised through the sale of membership interests); while perhaps calculated according to GAAP, the valuation of the company's assets is, in my opinion, deceiving: the "leasehold improvements" are valued at $1,833,730. Those "leasehold improvements" consist of the cost of constructing the four Peet's coffee stores, and therefore do not reflect the liquidation value of the stores if the company were to go out of business. In 2011, while still insolvent according to the balance sheet, the company's net loss was $690,131. By 2013, the company's financial situation deteriorated to the point that it posted a loss of $1,020,219, and had total assets of $5,179,896.93, against liabilities of $7,731,599.07. While the liabilities are subject to little dispute, the figure for the asset valuation, is again, at best,overly optimistic: the assets include construction costs of $1,876,771.33, and also include receivables from affiliated entities (Aegis Atlantic, Preserve 24, Aegis Retail Group, Aegis Retail One, and something called OnDeck PG) in the excess of $2,273,505. From my analysis, none of those "receivables," related to closed businesses the company invested in in New York, were collectible then, and they certainly are not collectible now. The 2014 figures, to date, are no more optimistic, and (prior to receiving emergency financing which I negotiated last month), the company retained current assets of $2,447,722 (again, most of this is comprised of uncollectible receivables owed to the company by the closed business in New York), and total liabilities of $8,576,269.82.

In summation, Metropolitan cannot generate sufficient profits to sustain operations and service its debt, and it presently risks having its secured creditors take steps to shut the company down. While the company's operational costs are also out of line with its revenues (something we have addressed over the past couple of months), those costs have not, for the most part, brought the company to its financial knees. Its financial distress was precipitated, in large measure, by the excessive debt authorized by the company's former CEO, Terry Goggin, incurred in connection with failed investments in New York. Rather than using funds to buttress Metropolitan's operations, and to build additional stores in the BART stations (thereby generating revenue and ensuring Metropolitan's financial stability), funds were used for projects that had nothing to do with operating Peet's coffee kiosks here in the Bay Area, the stated purpose of the company. As most of you know, Mr. Goggin was removed from his position earlier this year; unfortunately, by then, the company had incurred the debt it has with no way to service it.

In addition to the Metropolitan's obvious "upside down" financial situation, Aegis received notice on July 15, 2014 that BART intended to revoke its permit to operate within the BART stations.   Metropolitan had neither paid base rent since October 2012 nor additional rent based upon its sales since October 2011. While we believe that recent discussions with BART have temporarily helped stabilize the situation, to describe the company's relationship with BART as tenuous is an understatement.  With regard to Peet's, Peet's recently communicated to Aegis and Metropolitan that it was no longer interested in doing business with the companies' former management; some meetings within the past few days have  helped matters, and we believe that  the companies will be in a position to maintain the Peet's license, if I am successful in obtaining new financing and proposing a strategic plan for the companies.

With substantial assistance from Joel Sjostrom, in addition to negotiating financing, and stabilizing, for the time being, the BART and Peet's situations, we negotiated termination of the companies' real property lease in Berkeley (which was disproportionate to the companies' needs) and obtained month-to-month arrangement for the companies' headquarters, at only $1,500 per month and no deposit , in Emeryville.  While all of this has prevented Aegis and Metropolitan from shutting down entirely, Metropolitan's  situation remains problematic, and given the significant operational and financial challenges faced by the companies, we have recommended that both Aegis and Metropolitan commence Chapter 11 reorganization proceedings in the United States Bankruptcy Court for the Northern District of California, without delay.  Aegis, following a meeting of its members on October 3, 2014, has already resolved to commence a Chapter 11 case.  Metropolitan requires- through either an LLC member meeting (set forth in Section 7.5 of the company's operating agreement) or simply an action through consent of members in lieu of a meeting (pursuant to Section 7.10 of the companies' operating agreement).  Metropolitan is respectfully requesting that you, as the LLC members, vote for commencement of a Chapter 11 case in lieu of a meeting; to commence Metropolitan's case, the company requires at least 50% of the members' voting equity to vote in favor of the commencement of a case.  Aegis, through its members, has already approved the commencement of Metropolitan's case, and it alone retains a 44% equity interest in Metropolitan.

The reasons for the commencement of Metropolitan's case are straightforward: in our  opinion, and based upon not only the  analysis of the company's financial situation (described above) but discussions with its creditors, vendors, BART and Peet's, Metropolitan will not be in a position to sustain operations without obtaining additional financing, through either debt or equity, that it cannot obtain outside the context of a Chapter 11 case. At present, the company is not in a position to service its debt, is not in a position to pay past due rent to BART, is not in a position to build any remaining kiosks in BART stations, and is therefore not in a position to negotiate any renewal to

the BART permit upon which the company's future literally depends (the present permit is scheduled to expire in September 2017).

At least one party interested in Metropolitan has inquired of us what the larger "plan" for reorganization is. That is an extremely difficult inquiry, given that the companies were already on the brink of collapse when I was first retained just a few short months ago.

The "plan," as things stand now, is, through a bankruptcy, to stay any efforts by creditors to collect from Metropolitan, or otherwise take steps to foreclose upon the company's assets and shut them down. The automatic stay in bankruptcy will also preclude, at least for the time being, termination of the BART permit and the Peet's license. The company's goal is to obtain short term financing, following the commencement of the Aegis/Metropolitan bankruptcy cases, so that the company will be put in a position to reorganize. As BART has made perfectly clear, it will terminate the retail permit unless past due rent is paid. The company is not in a position to pay that. The company cannot make its past due tax payments. The company has not serviced its millions of dollars of debt in years. There is no money to build out remaining stores. Financing is critical; while I have been successful in obtaining some financing, the conditions of the financing was that the company turn over financial management of the company to myself and Jacob Cooper, with a view to replacing existing management of the company and filing for reorganization.

The architecture of the larger "plan" is as follows: finance past due rents and maintain current payments to vendors and employees; pay secured creditors on their claims to the extent of the current value of the collateral securing their liens (which, as stated above, does not approximate the cost associated with the collateral); negotiate an extension of the permit with BART, so that longer term financing (including financing to complete construction of stores in the remaining BART stations) may be emplaced; propose a reorganization plan whereby the existing creditors will receive something from future operations (perhaps through contingent promissory notes) or permitted equity in the reorganized company. The company will also explore, of course, litigation as a source of recovery for creditors, as we trace the disposition of the company's funds over the past several years. Unfortunately, under bankruptcy law, existing equity cannot retain their interests in the reorganized company unless creditors are paid in full.

In order to commence the Chapter 11 case, Metropolitan requires its members' support. While Aegis will be affirmatively voting its 44% equity stake in favor of Metropolitan's Chapter 11 case (thereby making commencement of a Chapter 11 case likely), Metropolitan requires an additional vote of no less than six percent of the equity

to commence the case, without conducting a formal meeting (we have been informed that some of that six percent has already communicated approval of a Chapter 11).

Attached to this correspondence, colored blue, is a ballot for Metropolitan's LLC members to vote in support or against commencement of Metropolitan's Chapter 11 case. If Metropolitan receives the requisite six percent votes, it will immediately send out a notice of action of the LLC members without the meeting, pursuant to Section 7.1 of the LLC's operating agreement. **Please return the ballot to Metropolitan's bankruptcy counsel, Gregory A. Rougeau, via email or facsimile, before Friday, October 17, 2014. Mr. Rougeau's email address is grougeau@diamondmccarthy.com, and his facsimile number is (415) 263-9200.**

Many of you have questions; please direct any inquiries to the company's main line, (415) 391-2499, concerning this matter; I will endeavor to return calls as soon as possible. You may also reach me by email, harry@mc2sf.com. Finally, you may contact Metropolitan's bankruptcy counsel, Mr. Rougeau, a partner in the law firm of Diamond McCarthy, LLP, at his direct line, (415) 692-5202.

Thank you for your time and consideration.

Sincerely,

METROPOLITAN COFFEE AND
CONCESSION COMPANY, LLC

*Harry R. Kraatz*

Harry R. Kraatz

**EXHIBIT C**

Metropolitan Coffee & Concession - In Hand

Shareholders

| # | Name | Name 2 | Date of Subscription | Cash Tendered | Units Issued | Share of Profit/Loss | Share of Capital |
|---|------|--------|---------------------|---------------|--------------|---------------------|------------------|
| 4 | Lockary, Susan (resounding NO following Susan's e-mails) | | 11/30/2007 | 66,667 | 1 | 2.1667% | 1.1667% |
| 5 | Crist, Kevin & Melodye | | 2/18/2008 | 66,667 | 1 | 2.1667% | 1.1667% |
| 6 | [struck through — Harry spoke with, no vote yet] | | 8/28/2007 | 100,000 | 1 | 2.1667% | 1.1667% |
| 7 | Bain, Rory | | 9/28/2007 | 50,000 | 0.5 | 1.0833% | 0.5833% |
| 8 | Bain, Del & Diana | | 12/4/2007 | 100,000 | 1 | 2.1667% | 1.1667% |
| 9 | Jenkins, Robert & Helen (Harry spoke with...expected vote n0t received) | | 9/12/2007 | 50,000 | 0.5 | 1.0833% | 0.5833% |
| 10 | Blake, Carol | | 9/20/2007 | 100,000 | 1 | 2.1667% | 1.1667% |
| 11 | Takahashi, Ron & Joyce | | 9/21/2007 | 50,000 | 0.5 | 1.0833% | 0.5833% |
| 12 | Wang, Jerry | | 9/21/2007 | 50,000 | 0.5 | 1.0833% | 0.5833% |
| 13 | Strykowski, David***** | | 10/25/2007 | 75,000 | 0.75 | 1.6250% | 0.8750% |
| 14 | Wengroff, Michael | Wengroff Family II LLC | 10/26/2007 | 25,000 | 0.25 | 0.5417% | 0.2917% |
| 15 | Lehane, Michael (Ollathain) (Jason's reaching out -work at PG&E) | Oilathain Corp | 4/10/2007 | 100,000 | 1 | 2.1667% | 1.1667% |
| 16 | Soldano, Joseph | | 12/4/2007 | 50,000 | 0.5 | 1.0833% | 0.5833% |
| 17 | Miller, Richard | Richard A Miller Trust | 12/5/2007 | 100,000 | 1 | 2.1667% | 1.1667% |
|  | Piechota, Toni | Withdrew, paid off | 12/5/2007 | | | | |
| 19 | Taeb, Hamid & Mojgan | Hamid & Mojgan Taeb Family Trust | 12/11/2007 | 50,000 | 0.5 | 1.0833% | 0.5833% |
| 20 | Derayeh, Simone & Nazari Alex | | 12/7/2007 | 150,000 | 1.5 | 3.2500% | 1.7500% |
| 21 | Tolbert, Orlando & Kim | | 12/14/2007 | 25,000 | 0.25 | 0.5417% | 0.2917% |
| 22 | Yekan, Majid & Atoosa | | 12/20/2007 | 100,000 | 1 | 2.1667% | 1.1667% |
| 23 | Ayesh, Issam | | 12/11/2007 | 50,000 | 0.5 | 1.0833% | 0.5833% |
| 24 | Normand, Mark + Marino, Jennifer | | 1/15/2008 | 50,000 | 0.5 | 1.0833% | 0.5833% |
| 25 | Melvin, Jim & Jackie | | 1/25/2008 | 50,000 | 0.5 | 1.0833% | 0.5833% |
| 26 | Haines, Cheryl | | 1/24/2008 | 50,000 | 0.5 | 1.0833% | 0.5833% |
| 27 | Surber, Lynn | | 1/25/2008 | 100,000 | 1 | 2.1667% | 1.1667% |
| 28 | Thomson, J Brent & Nancy | B. Thomson Family Trust | 1/28/2008 | 100,000 | 1 | 2.1667% | 1.1667% |
| 29 | Alderson, Bradley & Sandra | | 1/29/2008 | 100,000 | 1 | 2.1667% | 1.1667% |
| 30 | Surber, Dan (Jason - messages left) | | 1/30/2008 | 100,000 | 1 | 2.1667% | 1.1667% |
| 31 | Heritage Financial (Lawsuits pending) | | 2/1/2008 | 300,000 | 3 | 6.5000% | 3.5000% |
| 32 | Kriskovich, William | | 1/28/2008 | 100,000 | 1 | 2.1667% | 1.1667% |
| 33 | Phippen, John | Phippen Family Trust | 1/29/2008 | 50,000 | 0.5 | 1.0833% | 0.5833% |
| 34 | Hayes, Philip (Susan Ally) | | 2/11/2008 | 50,000 | 1 | 2.1667% | 1.1667% |
| 35 | Engs, John & Alexandra**** | | 2/14/2008 | 25,000 | 0.25 | 0.5417% | 0.2917% |
| 36a | John DeDominic Revocable Trust dated 12/8/11***** | John DeDominic, Trustee | 3/3/2008 | 12,500 | 0.125 | 0.2708% | 0.1458% |
| 36b | Sonia DeDominic Revocable Trust dated 12/27/11**** | Sonia DeDominic, Trustee | | 12,500 | 0.125 | 0.2708% | 0.1458% |
| 37 | Dedominic, Joseph & Powers, Anita (Jason spoke to possible vote) | | 3/5/2008 | 50,000 | 0.5 | 1.0833% | 0.5833% |
| 38 | Toney, Daniel & Kathleen (Harry & Jason to call)**** | Toney Family Trust | 3/19/2008 | 100,000 | 1 | 2.1667% | 1.1667% |
| 39 | Kastner, Heath | | 3/18/2008 | 25,000 | 0.25 | 0.5417% | 0.2917% |
| 40 | Gragg, Joel | | 3/19/2008 | 25,000 | 0.25 | 0.5417% | 0.2917% |
| 41 | Quimbao, Dean | | 3/19/2008 | 25,000 | 0.25 | 0.5417% | 0.2917% |
| 42 | Santos, Roberto Paolo | | 3/19/2008 | 25,000 | 0.25 | 0.5417% | 0.2917% |
| 43 | Pensco Trust FBO Marietta Ocampo IRA | | 4/11/2008 | 25,000 | 0.25 | 0.5417% | 0.2917% |
| 44 | Weinberg, Todd (Jason - called "no" following Susan e-mails) | | 4/15/2008 | 50,000 | 0.5 | 1.0833% | 0.5833% |
| 45 | Cobb, David & Brenda | | 4/23/2008 | 25,000 | 0.25 | 0.5417% | 0.2917% |

| # | Name | Note | Date | Amount | Units | % | % |
|---|------|------|------|--------|-------|------|------|
| 46 | Parker, Michael & Mandi Martin | | 4/23/2008 | 25,000 | 0.25 | 0.5417% | 0.2917% |
| 47 | Williamson, John | | 4/23/2008 | 25,000 | 0.25 | 0.5417% | 0.2917% |
| 48 | Faran Honardoost as Trustee of The Faran Honardoost Trust Dated May 2, 2014 | Changed from: Honardoost, Faran & Jahan | 12/18/2007 | 12,500 | 0.5 | 1.0833% | 0.5833% |
| 49 | Robinson, Jordan&Leah(Harry spoke to,now hesistent after Susan's e-mails) | | 5/14/2008 | 50,000 | 0.5 | 1.0833% | 0.5833% |
| 50 | Patricia S. Robinson IRA, 90-7530-01-8; new SSN | Changed from Robinson & Associates DBP, Jeffrey Robinson Trustee | 5/16/2008 | 100,000 | 1 | 2.1667% | 1.1667% |
| 51 | Furtado, Thomas | | 6/2/2008 | 25,000 | 0.25 | 0.5417% | 0.2917% |
| 52 | Young, Christian | | 6/2/2008 | 100,000 | 1 | 2.1667% | 1.1667% |
| 53 | Brudigam, Rose | | 6/18/2008 | 25,000 | 0.25 | 0.5417% | 0.2917% |
| 54 | Duensing, Robert & Kim (Jason priority contact w/Harry)**** | RBD 2005 Trust | 7/10/2008 | 100,000 | 1 | 2.1667% | 1.1667% |
| 55 | Duensing, Mike (Jason priority contact w/Harry)**** | Duensing Family Trust | 7/10/2008 | 50,000 | 0.5 | 1.0833% | 0.5833% |
| 56 | Folsom, Edwin & Laura | Duensing Family Trust | 7/18/2008 | 50,000 | 0.5 | 2.1667% | 1.1667% |
| 57 | Pensco Trust Co. Custodian FBO Daniel L Segur IRA Account # 20007617 | Folsom Family Trust | 8/15/2008 | 100,000 | 1 | 2.1667% | 0.5833% |
| 58 | Heritage Financial Investments | Dan Segur | 9/2/2008 | 400,000 | 4 | 8.6667% | 4.6667% |
| 59 | Steve Castellino Electric, Inc. | Castellino Electric | 8/28/2008 | 100,000 | 1 | 2.1667% | 1.1667% |
| 60 | JB Lind Plumbing | James Daniel Lind | 8/28/2008 | 100,000 | 1 | 2.1667% | 1.1667% |
| | Total Preferred Units | | | 4,070,834 | 42.25 | 91.54% | 49.29% |

Yellow - change from 2013

| Common Membership Units | Percent of Common Units | | 43.46 | 8.458% | 50.70833% |
|---|---|---|---|---|---|
| Note Holders - see next tab | 11.74% | | 5.10 | 0.99% | 5.96% |
| Aegis Holding Company**** | 88.26% | | 38.36 | 7.46% | 44.75% |
| | | | | 7.37% | 49.71% |

| Altus COP**** | 5.299% | | 2.30 | 0.45% | 2.69% |
|---|---|---|---|---|---|
| Altus IPS | 0.083% | | 0.04 | 0.01% | 0.04% |

Total Supportive Votes   51.23%

## ACCEPTANCE OR REJECTION OF RESOLUTIONS

The undersigned, a Member of the LLC

(Check one box only)

[✓] ACCEPTS THE RESOLUTIONS        [ ] REJECTS THE RESOLUTIONS

Dated: 10/17/14

Name of Member: _____

Signature _____

Title: _____
(If corporation or partnership)

Address: _____

_____

_____

## ACCEPTANCE OR REJECTION OF RESOLUTIONS

The undersigned, a Member of the LLC,

(check one box only)

[✓] **ACCEPTS THE RESOLUTIONS**          [ ] **REJECTS THE RESOLUTIONS**

Dated: _10/15/14_

Name of Member: _John Engl_

Signature: _____

Title: _Investor_
(if corporation or partnership)

Address: _4125 Los Arabis Dr_
_Lafayette, CA 94549_

2

## ACCEPTANCE OR REJECTION OF RESOLUTIONS

The undersigned, a Member of the LLC,

(check one box only)

[X] **ACCEPTS THE RESOLUTIONS**        [ ] **REJECTS THE RESOLUTIONS**

Dated: 10/14/14

Name of Member: John DeDominic

Signature: _____

Title: _____
(if corporation or partnership)

Address: 101 Larkspur Landing Circle

Suite 116

Larkspur CA 94939

2

## ACCEPTANCE OR REJECTION OF RESOLUTIONS

The undersigned, a Member of the LLC,

(check one box only)

[✓] **ACCEPTS THE RESOLUTIONS**          [_] **REJECTS THE RESOLUTIONS**

Dated: _10/13/14_

uad 12/27/11

Name of Member: _Sonia DeDominic Revocable Trust_

Signature: _Sonia DeDominic Trustee_

Title: _Trustee_
(if corporation or partnership)

Address: _1773 Indian Valley Rd_
_Novato CA_
_94947_

2

## ACCEPTANCE OR REJECTION OF RESOLUTIONS

The undersigned, a Member of the LLC,

(check one box only)

[X] **ACCEPTS THE RESOLUTIONS**          [ ] **REJECTS THE RESOLUTIONS**

Dated: _Oct 16, 2014_

Name of Member: _Daniel C. Torey_

Signature: _DC Tany_

Title: _____
 (if corporation or partnership)

Address: _58 Culloten Park Rd._

_SAN RAFAEL, CA_

_94901_

2

## ACCEPTANCE OR REJECTION OF RESOLUTIONS

The undersigned, a Member of the LLC,

(check one box only)

[ X ] **ACCEPTS THE RESOLUTIONS**        [ ] **REJECTS THE RESOLUTIONS**

Dated: 10-13-2014

Name of Member: Altus Income Portfolio Series, LP

Signature: 

Title: CEO of the Managing Member of the General Partner
(if corporation or partnership)

Address: 8880 Rio San Diego Dr Suite 800

San Diego, CA 92108

2

Case: 14-44242   Doc# 1   Filed: 10/20/14   Entered: 10/20/14 23:07:31   Page 25 of 28

## ACCEPTANCE OR REJECTION OF RESOLUTIONS

The undersigned, a Member of the LLC,

(check one box only)

[ X ] ACCEPTS THE RESOLUTIONS      [_] REJECTS THE RESOLUTIONS

Dated: 10-13-2014

Name of Member: Altus Capital Opportunity Fund, LP

Signature:

Title: CEO of the Managing Member of the General Partner
(if corporation or partnership)

Address: 8880 Rio San Diego Dr Suite 800

San Diego, CA 92108

2

**Rougeau, Gregory A.**

---

| | |
|---|---|
| **From:** | dswcm <dswcm@sbcglobal.net> |
| **Sent:** | Tuesday, October 14, 2014 12:54 AM |
| **To:** | Rougeau, Gregory A. |
| **Subject:** | RE: Metropolitan Coffee and Concession Company- Important Creditor/LLC Member Correspondence |

I am on a cruise in Greece and have limited access. I am in favor of restructuring.

Sent via the Samsung GALAXY S®4, an AT&T 4G LTE smartphone

-------- Original message --------
From: "Rougeau, Gregory A."
Date:10/12/2014 10:51 PM (GMT+02:00)
To: slockary@gmail.com,ateaminstall@gmail.com,ricktaipale@yahoo.com,rbain@beelineglass.com,delcoach@aol.com,rjenkins@nbmedia.com,legaldepartment@yahoo.com,roninsti@aol.com,jwang23@hotmail.com,dswcm@sbcglobal.net,mjwengroff@gmail.com,michael@trileaves.com,jsoldano51@gmail.com,rmillersf@comcast.net,hamidtaeb@yahoo.com,Simone@Derayeh.com,tolberttolbertltd@yahoo.com,myekan@yahoo.com,lulu.limo1@att.net,norm901@hotmail.com,Jmelvin967@gmail.com,ch@hainesgallery.com,lynnsurber@yahoo.com,sacajawea208@aol.com,bradalderson@mac.com,stevenpate.hfi@gmail.com,hoopgurubk@aol.com,JTPhippen@hotmail.com,phil@aegis-holding.com,jengs@engsfinance.com,JD@TCS-Insurance.com,cb@tcs-insurance.com,heath.kastner@cbre.com,Dean.Quiambao@amllp.com,robertopaolo.santos@gmail.com
Subject: Metropolitan Coffee and Concession Company- Important Creditor/LLC Member Correspondence

Dear Metropolitan Coffee and Concession Company, LLC Member:

Attached please find important correspondence from Harry R. Kraatz a crisis management/corporate restructuring consultant recently hired as the LLC's CEO.   For the reasons set forth in the correspondence and the supporting financial information, this matter requires your immediate attention and action.

As set forth in the letter, please contact myself or Mr. Kraatz to address any questions or concerns.



**Gregory A Rougeau | Partner**
**150 California Street, Suite 2200**
**San Francisco, California 94111**
415.692-5200 direct
415-263-9200 fax
Conference call dial-in: 877-659-5570 Access code 0176797
web | bio | vCard

1

## ACCEPTANCE OR REJECTION OF RESOLUTIONS

The undersigned, a Member of the LLC,

(check one box only)

[X] **ACCEPTS THE RESOLUTIONS**      [_] **REJECTS THE RESOLUTIONS**

Dated:  _10/17/14_

Name of Member: _JOE SJOSTROM_

Signature: _____

Title: _Authorized Member of Agis Holding Company Ca. LLC_
(if corporation or partnership)

Address: _3755 Painted Pony Rd_
_El Sobrante, Ca_
_94803_

_Authorized Member of_
_Agis Holding Co, (Ca.) LLC_

2